**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gabriel MARTINEZ–VALEDEZ,
Defendant–Appellant.**

No. 05–41115
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern Dis-

---

trict of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Gabriel Martinez–Valedez (Martinez) pleaded guilty to an indictment charging him with being found illegally in the United States following a previous deportation. Martinez challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Government contends that Martinez waived the right to assert this question in his plea agreement. We assume, arguendo only, that the waiver does not bar the instant appeal.

In *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that treatment of prior convictions as sentencing factors in § 1326(b)(1) and (2) was constitutional. Although Martinez contends that a majority of the Supreme Court would now consider *Almendarez–Torres* to be incorrectly decided in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See Unit-*

*ed States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Martinez concedes as much, but he raises the argument to preserve it for further review. The judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.